IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40626
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIZ LOZANO-LEAL,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CRr-76-1
- - - - - - - - - -
April 27, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Luiz Lozano-Leal ("Lozano") appeals his jury conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Lozano contends that the evidence was insufficient to support the knowledge element of the offense, in that the marijuana was concealed in a hidden compartment in the gas tank of the Chevrolet Suburban he was driving. The evidence was not insufficient to support Lozano's conviction for possession. See United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). Customs inspector Conrada Serna testified that the gas gauge of the vehicle, which had a fuel capacity of 42 gallons, was registering a little less than full even though it held only three to four gallons of gas. Inspector Serna also testified that the fuel tank would be emptying at a faster rate. Because Lozano purported to be the owner of the vehicle, the jury could have concluded that Lozano would have noticed this obvious and remarkable change in the fuel consumption of the vehicle. Id. Thus, the jury could have inferred that he was aware of the compartment. Also, Lozano's statement to immigration inspector Jorge Ruiz that he had owned the vehicle since October was inconsistent with the information contained on the vehicle registration. The jury could have concluded guilty knowledge from this false statement. See United States v. Thomas, 120 F.3d 564, 570 (5th Cir. 1997). Although Lozano attempted to explain the discrepancy by telling Inspector Lonnie Colson that he had registered the vehicle under a different name the prior month, the jury could have concluded that his story, without more, was implausible. See Ortega Reyna, 148 F.3d at 544. Lastly, the jury could have inferred guilt from Lozano's increasing nervousness as the interview and inspection continued. See United States v. Casilla, 20 F.3d 600, 607 (5th Cir. 1994).

AFFIRMED.